# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **International Watchman Inc.,** ) | **CASE NO. 1:18 CV 1690** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| **Strap.ly,** *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| **Defendants.** ) | |

## INTRODUCTION

This matter is before the Court upon Defendant Watching Time, LLC's Motion for Judgment on the Pleadings (Doc. 43). This is a trademark infringement case. For the reasons that follow, Defendant's motion is GRANTED.

## FACTS

Plaintiff International Watchman Inc. brings this lawsuit against Defendants Watching Time, LLC, (hereinafter "Watching Time"), Strap.ly, Kardesh Jewelers, KH Trading Corp., and Swiss Time Group, LLC (together, "Defendants") alleging claims of trademark infringement,

unfair competition, and civil conspiracy.[1]

According to the complaint, Plaintiff is an Ohio corporation that sells watches, watch straps and bands, and original equipment parts. (Doc. 1, ¶¶ 1, 12). Plaintiff is the owner of a federally registered mark for the word "NATO," which appears on some of its watch bands and straps. *Id.* at ¶¶ 15, 16. Plaintiff alleges that Defendants have been infringing upon the NATO trademark by imitating the mark on their own products and using the mark in social media and advertising. *Id.* at ¶¶ 5, 17, 25-30. With regard to Watching Time in particular, however, Plaintiff alleges that Watching Time is a "non-practicing entity that has not been using the 'NATO' trademark in commerce nor has a bona fide intention to do so." *Id.* at ¶ 34. Plaintiff alleges that attorney John Heim III is the sole member of Watching Time, and was hired as the trademark attorney by each of the other defendants. *Id.* at ¶¶ 22, 23. Plaintiff alleges that Watching Time improperly initiated a cancellation proceeding against Plaintiff in front of the Trademark Trial and Appeals Board ("TTAB"), even though Watching Time had no standing to do so. *Id.* at ¶ 33. Plaintiff also alleges that the cancellation action is an effort by Watching Time and Mr. Heim to "purposely attempt[] to conceal the identity of the true party-in-interest for the cancellation proceeding" – namely, the other defendants. *Id.* at ¶ 35-6. Following the initiation of the cancellation action, Plaintiff filed the complaint giving rise to this case.

The complaint contains three claims: Claim One alleges a violation of § 43(a) of the Lanham Act (Federal Trademark Infringement), Claim Two alleges a violation of Ohio Rev. Code § 4165.02 (Ohio Deceptive Trade Practices/unfair competition), and Claim Three alleges

---

[1] Plaintiff dismissed its claims against Strap.ly, Kardesh Jewelers, KH Trading Corp., and Swiss Time Group, LLC. (Doc. 61). Watching Time is the only remaining defendant in the case.

civil conspiracy. Defendant Watching Time filed a motion for judgment on the pleadings. Plaintiff opposes the motion.

**STANDARD OF REVIEW**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion." *Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. Feb. 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

Thus, "[w]e assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

## ANALYSIS

### A. Personal Jurisdiction

Watching Time argues that this Court's exercise of personal jurisdiction is improper here. The Court agrees.[2] The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002). The plaintiff's burden is to make a *prima facie* showing that personal

---

[2] At the outset, Plaintiff argues that Watching Time has waived the defense of personal jurisdiction by entering appearances with the Court and litigating the merits of the case. Plaintiff also argues that Watching Time may not, as a matter of law, raise personal jurisdiction in a motion for judgment on the pleadings. Plaintiff is incorrect. *See Boulger v. Woods,* 306 F. Supp. 3d 985, 995 (S.D. Ohio 2018) (noting that personal jurisdiction may be raised in a motion for judgment on the pleadings). To the extent that Watching Time did not timely file its motion to dismiss which raised the personal jurisdiction defense, this Court already ruled that Watching Time could raise the issue in a motion for summary judgment. *See* Order, 1/9/2019. Moreover, Watching Time has made abundantly clear throughout the litigation that all of its participation in the case occurred while reserving the personal jurisdiction defense. Thus, the Court finds that Watching Time did not waive its personal jurisdiction defense here.

4

jurisdiction exists in order to defeat dismissal. *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002). A *prima facie* showing is made by "establishing with reasonable particularity sufficient contacts between [defendant] and the forum state to support jurisdiction." *Neogen,* 282 F.3d at 887 (internal citations omitted). Where, as here, the district court does not conduct an evidentiary hearing, the "burden on the plaintiff to establish personal jurisdiction is relatively slight." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.,* 503 F.3d 544, 549 (6th Cir. 2007) (internal citations omitted). In these instances, the court must consider the pleadings and affidavits in a light most favorable to the Plaintiff. *Compuserve, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996).[3]

Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, as alleged to be the basis of subject matter jurisdiction here, personal jurisdiction exists "if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Bird,* 289 F.3d at 871 (internal citations omitted). Ohio's long-arm statute states, in relevant part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

---

[3] Although Watching Time submitted an affidavit in support of its motion to dismiss for lack of personal jurisdiction filed on December 28, 2018, Watching Time failed to submit an affidavit in support of the motion for judgment on the pleadings at issue here. The Court will not consider the previously-filed affidavit for the purposes of this motion. Rather, the Court will only consider the pleadings, and all reasonable inferences will be drawn in Plaintiff's favor. *See Compuserve,* 89 F.3d at 1262.

> (1) Transacting any business in this state;
>
> (2) Contracting to supply services or goods in this state;
>
> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.
> . . .
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

Ohio Rev. Code § 2307.382(A). The Sixth Circuit has held that Ohio's long-arm statute does not "reach the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Conn v. Zakharov,* 667 F.3d 705, 712 (6th Cir. 2012). The statute makes clear that "[w]hen jurisdiction over a person is based solely upon this section, only a cause of action arising from the acts enumerated in this section may be asserted against [the non-resident defendant]." Ohio Rev. Code § 2307.382(C); *see also Zakharov,* 667 F.3d at 712. If the exercise of jurisdiction is proper under Ohio's long-arm statute, the Court looks to whether due process is satisfied. Personal jurisdiction may be either general or specific in nature, depending on the nature of the contacts in a given case. *See CompuServe, Inc.,* 89 F.3d at 1262. Due process requires that the defendant have "sufficient minimum contacts with the forum state so that finding personal jurisdiction does not 'offend traditional notions of fair play and substantial justice.'" *Zakharov,* 667 F.3d at 712 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316) (1945)).

      Watching Time argues that the complaint does not allege any connection between

Watching Time and Ohio, and does not, therefore, meet the requirements of Ohio's long-arm statute. The Court agrees. Plaintiff's allegations relating specifically to Watching Time are as follows: Watching Time is a limited liability company with its principal place of business in New York (Doc. 1, ¶ 5); Watching Time "is a non-practicing entity that has not been using the 'NATO' trademark in commerce nor has a bona fide intention to do so" (*Id.*, ¶ 34); Watching Time is owned by John Heim III, who was hired by the other Defendants as their trademark attorney *(Id.* ¶¶ 22-23); and Watching Time initiated a cancellation proceeding against Plaintiff in front of the Trademark Trial and Appeals Board, and in so doing is committing fraud against the United States Patent and Trademark Office (*Id.* ¶¶ 33, 35). Although Plaintiff argues that it also alleged that *all* defendants sold infringing watchstraps and solicited business within Ohio, these allegations are directly contradicted by Plaintiff's more specific allegation as to Watching Time: that it is a non-practicing entity that has *not* been using Plaintiff's trademark in commerce and has no intention to do so. The allegations specific to Watching Time do not set forth a connection to Ohio that would justify the exercise of personal jurisdiction here.

Plaintiff argues that the act of filing the cancellation proceeding against Plaintiff, an Ohio corporation, is sufficient to confer personal jurisdiction upon Watching Time under the sixth prong of Ohio's long-arm statute, which provides that personal jurisdiction may be exercised over a defendant who causes "tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." Ohio Rev. Code § 2307.382(6). Plaintiff argues that because Watching Time knew that its cancellation proceeding would cause Plaintiff to suffer an injury within Ohio, the exercise of personal jurisdiction over

7

Watching Time is permissible here. The Court disagrees. There is no tangible "injury" to Plaintiff in Ohio merely as a result of Watching Time filing a cancellation proceeding with the Trademark Trial and Appeals Board. Plaintiff argues that the injury is "the *potential* cancellation and subsequent loss of its NATO Registration," but this injury is hypothetical in nature and would not, in any case, constitute a tortious injury under Ohio's long-arm statute (emphasis added). *See Younique, L.L.C. v. Youssef,* 2016 WL 6998659 (D. Utah Nov. 30, 2016) (rejecting argument that the defendant's initiation of a cancellation proceeding before the TTAB could confer personal jurisdiction in the forum state, and stating that "[plaintiff] has not alleged any discernable tort-like injury beyond the threat of administrative adjudication.").

Nor does Plaintiff's civil conspiracy claim confer personal jurisdiction on Watching Time. As an initial matter, courts in this district have declined to exercise personal jurisdiction over a non-resident defendant based solely upon participation in a conspiracy when the defendant has no other contacts with Ohio. *See Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris, Inc.,* 23 F. Supp. 2d 796, 808 (N.D. Ohio 1998) ("[F]ederal courts in Ohio have not adopted the conspiracy theory which would impute a co-conspirator's jurisdictional contacts with the forum to the foreign defendant seeking dismissal."); *Microsys Computing, Inc. v. Dynamic Data Systems, LLC,* 2006 WL 2225821 (N.D. Ohio Aug. 2, 2006) (citing *Philip Morris* and holding that "[Plaintiff's] Complaint asserts a claim of conspiracy against both [defendants]. This claim, however, cannot support the exercise of personal jurisdiction over [defendant] where [defendant] has no contacts with Ohio."). Moreover, as set forth below, Plaintiff failed to adequately allege a claim for civil conspiracy against Watching Time.

Indeed, even taken as a whole and with all reasonable inferences drawn in Plaintiff's

8

favor, the complaint does not provide a basis for Ohio's long-arm statute to apply. Therefore, there is no need for the Court to analyze whether due process permits personal jurisdiction here. *Zakharov*, 667 F.3d at 713 ("In other words, if jurisdiction is not proper under Ohio's long-arm statute there is no need to perform a Due Process analysis because jurisdiction over the defendant cannot be found."). Because Plaintiffs have failed to allege any facts tying Watching Time to the state of Ohio as required by the long-arm statute, the Court finds that the exercise of personal jurisdiction over Watching Time would be improper here.

**B. Federal Trademark Infringement**

Watching Time argues that even if this Court were to exercise personal jurisdiction, Plaintiff's federal trademark claim against it should be dismissed because Plaintiff explicitly alleges that Watching Time did not use the "NATO" trademark in commerce, which is a fundamental and required element of a federal trademark infringement claim. The Court agrees.

To state a claim for federal trademark infringement, Plaintiff "must allege facts establishing that (1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009). Watching Time argues that Plaintiff's claim fails because Plaintiff specifically alleged that Watching Time "is a non-practicing entity that has not been using the 'NATO' trademark in commerce nor has a bona fide intention to do so." *See* Doc. 1, ¶ 34. Plaintiff does not directly respond to this argument, but generally argues that it adequately stated a claim for trademark infringement against all the defendants in this case.

Upon review, the Court agrees with Watching Time. As set forth above, in order to survive a motion for judgment on the pleadings on its federal trademark claim, Plaintiff is

required to allege that Watching Time used the registered trademark in commerce. *Hensley,* 579 F.3d at 609. Indeed, the Sixth Circuit has held that a defendant's "use of a protected mark or their use of a misleading representation is a *prerequisite* to the finding of a Lanham Act violation." *Holiday Inns, Inc. v. 800 Reservation, Inc.,* 86 F.3d 619, 626 (6th Cir. 1996) (emphasis in original).

Here Plaintiff explicitly alleges the opposite. Plaintiff does not explain why its trademark infringement claim should survive the allegation that Watching Time never used the mark in commerce. Because Plaintiff specifically alleges that Watching Time did not use the protected mark in commerce, Plaintiff's federal trademark claim fails.

### C. Civil Conspiracy and ODTPA[4]

Watching Time argues that Plaintiff's allegations fail to give rise to a claim for civil conspiracy. Upon review, the Court agrees. A civil conspiracy in Ohio is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Kenty v. Transamerica Premium Ins. Co,* 72 Ohio St. 3d 415, 419 (Ohio 1995). An underlying unlawful act is required before a civil conspiracy claim can succeed. *Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 476 (Ohio 1998).

---

[4] Having dismissed the Lanham Act claim, the Court would ordinarily decline to exercise supplemental jurisdiction over the remaining state law claims. This is especially so in that Plaintiff expressly alleges that jurisdiction arises based on a federal question. Having independently reviewed the complaint, however, the Court notes that diversity jurisdiction may exist over this matter in that all Defendants are citizens of states different from that of the Plaintiff. Although the complaint contains no allegation directed at the amount in controversy, the Court will nonetheless exercise supplemental jurisdiction over the remaining state law claims.

Additionally, "[i]n a conspiracy, the acts of coconspirators are attributable to each other." *Id.* Under both federal and Ohio law, "conspiracy must be pled with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim." *See Ghaster v. City of Rocky River,* 2010 WL 2802685 (N.D. Ohio May 12, 2010) (report and recommendation adopted in *Ghaster,* 2010 WL 2802682 (N.D. Ohio July 13, 2010)); *Coley v. Lucas County, Ohio*, 2014 WL 273235 (N.D. Ohio Jan. 23, 2014) (same). Indeed, "the requirements governing civil conspiracy pleadings are 'relatively strict.'" *Coley*, 2014 WL 273235 at \*12 (citing *Fieger v. Cox,* 524 F.3d 770, 776 (6th Cir. 2008)).

Here, Plaintiff has not alleged facts sufficient to state a civil conspiracy claim against Watching Time. Plaintiff alleges that Defendants "acted in concert and in furtherance of their plan to infringe upon the NATO trademark . . ." (Doc. 1, ¶ 48). Plaintiff also alleges that Watching Time was "formed with the specific intent of filing a cancellation proceeding with the Trademark Trial and Appeals Board to have the NATO Trademark cancelled and in order to hide the real party-in-interest, namely the other Defendants, and in order to avoid exposing the other Defendants to Plaintiff's complaint for trademark infringement." *Id.* at ¶ 51. Plaintiff then alleges that all of the Defendants hired Mr. Heim as their trademark attorney and concludes from this fact that "all Defendants were acting in concert to commit this conspiracy." *Id.* at ¶ 52.

These allegations are insufficient to support Plaintiff's claim for civil conspiracy. Although it is true that a civil conspiracy claim "does not require a showing of an express agreement between defendants, but only a common understanding or design, even if tacit, to commit an unlawful act," mere legal conclusions and generalized allegations are not sufficient. *Coley,* 2014 WL 273235 at \*12 (dismissing complaint because plaintiffs failed to plead "when,

11

where, why, or how the conspiracy occurred or how the alleged conspiracy resulted in damages."). With the exception of sharing a common attorney, Plaintiff fails to allege any facts connecting Watching Time to the other Defendants. Plaintiff fails to allege any facts about how, why, or when the Defendants acted in concert. Because Plaintiff has not alleged sufficient facts demonstrating a conspiracy here, Plaintiff's claim is dismissed.

Plaintiff's Ohio Deceptive Trade Practices Act ("ODTPA") claim is also dismissed. Because the Lanham Act and the ODTPA are substantially similar, "an analysis appropriate for a determination of liability under section 43(a) of the Lanham Act is also appropriate for determining liability under the Ohio Deceptive Trade Practices Act." *Clark v. Walt Disney Co.,* 642 F. Supp. 2d 775, 784-85 (S.D. Ohio 2009) (citing *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center,* 109 F.3d 275, 288, (6th Cir. 1997)). Here, Plaintiff's allegations supporting its ODTPA claim are identical to its federal trademark infringement allegations. Because this Court already found that Plaintiff fails to state a claim for trademark infringement, Plaintiff's ODTPA claim similarly fails. *See Habeeba's Dance of the Arts, Ltd. v. Knoblauch,* 430 F. Supp. 2d 709, 713 (S.D. Ohio 2006) (dismissing parallel Ohio unfair competition claim where complaint failed to state a claim for federal trademark infringement).

**CONCLUSION**

For the foregoing reasons, Defendant Watching Time, LLC's Motion for Judgment on the Pleadings (Doc. 43) is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 4/29/19